IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11-cr-31 |
| | ) | JUDGE KIM R. GIBSON |
| LAWRENCE R. HORNER, III, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF COURT**

**GIBSON, J.**

**I.      SYNOPSIS**

This matter comes before the Court on Defendant's Reply to United States's Response to Defendant's Pretrial Motions (Doc. No. 105), in which Defendant opposes the United States's intent to introduce evidence identified in the United States's Notice of Intent to Use Evidence (Doc. No. 65) and the United States's Response to Defendant's Pretrial Motions (Doc. No. 101) as "intrinsic" to the charged offense, or alternatively, pursuant to Federal Rule of Evidence 404(b). For the reasons set forth below, the Government's request to introduce evidence, as contained in Document Numbers 65 and 101, and as further presented at oral argument on May 10, 2013, is **GRANTED in part** and **DENIED in part**.

**II.      BACKGROUND**

This case arises out of an alleged kidnapping. On November 15, 2011, the Defendant, Lawrence Horner, and his Co-Defendant Brittany Horner, were indicted in the above captioned case. According to the indictment, on or about July 9, 2011, in the Western District of Pennsylvania, the Defendant, along with Brittany Horner, did knowingly and unlawfully seize,

1

confine, kidnap, abduct and carry away a person, referred to as "L.N.," held L.N. for ransom, reward and otherwise, willfully transported L.N. in interstate commerce, and traveled in and used any means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2. (Doc. No. 1 at 1.)

On July 3, 2012, the Defendant, then represented by Attorney Brown, filed a Motion to Produce Evidence which the Government Intends to Use under Federal Rules of Evidence 404(b) and 609 with Citation of Authority (Doc. No. 62). On July 31, 2012, the United States filed a Notice of Intent to Use Evidence (Doc. No. 65) specifying certain evidence the United States will seek to have admitted at trial as intrinsic evidence or, alternatively, pursuant to Rule 404(b), and evidence the United States will seek to use pursuant to the provisions of Rule 609(a)(1) in the event that Mr. Horner elects to testify. (See Doc. No. 65.) On March 27, 2013, the Court denied Defendant's Motion to Produce Evidence which the Government Intends to Use under Federal Rules of Evidence 404(b) and 609 with Citations of Authority (Doc. No. 62) as moot. (Doc. No. 93.)

On April 15, 2013, Defendant's current counsel, Attorney Foreman, filed a Motion for Additional Discovery (Doc. No. 98). The United States responded (Doc. No 101), and in doing so supplemented its previously filed Notice of Intent to Use Evidence (Doc. No. 65) with additional notice of evidence it will seek to have admitted as intrinsic to the charged offenses or, alternatively, pursuant to Rule 404(b). On May 8, 2013, the Defendant filed a Reply to United States's Response to Defendant's Pretrial Motions (Doc. No. 105), in which he objected to the introduction of the proffered evidence on the following grounds: the evidence is not intrinsic to the

2

charged offense, the proffered evidence is not relevant to the charged offense, the evidence is an attempt to prove the Defendant's character and that the Defendant acted in accordance with such character in the alleged commission of the charged offense, and the prejudicial effect of the evidence far outweighs its probative value. (See Doc. No. 105 at 1-4.) Oral argument was held on May 10, 2013. The Court now writes to resolve these evidentiary issues.

## III. LEGAL PRECEDENT

Rule 402 of the Federal Rules of Evidence states that relevant evidence is admissible unless the Constitution, a federal statute, the Federal Rules of Evidence, or rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. Evidence that is irrelevant is not admissible. *Id.* Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. This definition is "'very broad.'" See *United States v. David Green*, 617 F.3d 233, 251 (3d Cir. 2010) (citing *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004)) (addressing Rule 401's definition of relevance before the 2011 stylistic amendments).

As the Third Circuit has explained, "modern cases divide evidence of other crimes and bad acts into two categories: those 'extrinsic' to the charged offense, and those 'intrinsic' to it." *Green*, 617 F.3d at 245. Many Circuits define intrinsic evidence as evidence that is "inextricably intertwined" with the charged offense. *United Sates v. Northington*, No. 07-550-05, 2013 U.S. Dist. LEXIS 14323, at *9 (E.D. Pa. Feb. 4, 2013) (citing *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012); *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009); *United States v. DeGeorge*, 380 F.3d 1203, 1219-20 (9th Cir. 2004); *United States v. Carboni*, 204 F.3d 39, 44 (2d

3

Cir. 2000); *United States v. Bowie*, 232 F.3d 923, 927-29 (D.C. Cir. 2000)). The Third Circuit, however, has denounced the "inextricably intertwined" standard as problematic and vague and has noted that

> [t]here is little practical difference between admitting inextricably intertwined evidence as "background" pursuant to Rules 401 and 402, and admitting it under Rule 404(b). In both cases, the evidence must be relevant, it must pass muster under Rule 403, and it must not be introduced solely to prove the defendant's criminal propensity. "[T]he only consequences of labeling evidence 'intrinsic' are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request." . . . All that is accomplished by labeling evidence "intrinsic" is relieving the Government from providing a defendant with the procedural protections of Rule 404(b).

*Green* at 247-48 (second alteration in original) (internal citations omitted).

Thus, the Third Circuit "reserve[s] the 'intrinsic' label for two narrow categories of evidence." *Id.* at 248. "First, evidence is intrinsic if it 'directly proves' the charged offense." *Id.* "Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'" *Id.* (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). An example of evidence falling within this second category is a defendant's necessary possession of contraband in a case where the defendant is charged with the sale of contraband. See *United States v. Shelow*, No. 10-0037, 2011 U.S. Dist. LEXIS 141626, at *7 (E.D. Pa. Dec. 9, 2011) (citing *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000) (quoted in *Green*, 617 F.3d at 249)). In such a circumstance, the defendant's necessary possession of contraband is a facilitating act. *Id.*

Where the proffered evidence is *not* intrinsic, it must be analyzed under Rule 404(b) of the Federal Rules of Evidence, which provides as follows:

(b) Crimes, Wrongs, or Other Acts.

4

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
>> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>>
>> (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

"To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *Green*, 617 F.3d at 249 (citing *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001)); see also *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

"A proper purpose is one that is 'probative of a material issue other than character.'" *Green*, 617 F.3d at 250 (quoting *Huddleston*, 485 U.S. at 686). The proffered evidence must fit "into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994). One such proper purpose under Rule 404(b) is "supplying helpful background information to the finder of fact." *Green*, 617 F.3d at 250. Another proper purpose is motive, either of the defendant or another person. See *Green*, 617 F.3d at 250. The Third Circuit has noted, as reiterated by this Court, that Rule 404(b) is a rule of *inclusion* rather than *exclusion*; the admission

5

of evidence of other criminal conduct is favored "if such evidence is 'relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" *United States v. Williams*, No. 3:2007-5, 2008 U.S. Dist. LEXIS 92916, at \*5 (W.D. Pa. Nov. 14, 2008) (quoting *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003)).

Even where evidence would otherwise be admissible, however, relevant evidence may be excluded under Rule 403. The Supreme Court has explained that:

> [t]he term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. . . . Such improper grounds certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily). . . . "Although . . . 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." . . . Rule of Evidence 404(b) reflects this common-law tradition by addressing propensity reasoning directly: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[1] There is, accordingly, no question that propensity would be an "improper basis" for conviction and that evidence of a prior conviction is subject to analysis under Rule 403 for relative probative value and for prejudicial risk of misuse as propensity evidence.

*Old Chief v. United States*, 519 U.S. 172, 180-182 (U.S. 1997) (some alterations in original) (internal citations omitted).

Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Rule 403 is a balancing test. Like any balancing test, the Rule 403 standard is

---

[1] The language of Rule 403 has since been amended—in 2011—as part of the restyling of the Evidence Rules. These changes were intended to be stylistic only; there was no intent to change any result in any ruling on evidence admissibility. Advisory Committee's Notes on Fed. R. Evid. 404.

inexact and requires "sensitivity on the part of the trial court to the subtleties of the particular situation." *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010). Relevant evidence offered for a proper purposes and satisfies Rule 403's balancing test may be admitted, but must be accompanied by a limiting instruction where requested about the purpose for which the jury may consider it. See *Green*, 617 F.3d at 249-52.

## IV. DISCUSSION

Through its filings and at oral argument, the Government has provided a description of evidence it intends to introduce as evidence that is "intrinsic" to the charged offense or, alternatively, pursuant to Rule 404(b). (See Doc. No. 65; Doc. No. 101.) The Defendant objects to the introduction of this evidence. (See Doc. No. 105 at 1-8.) At oral argument, the Government classified this evidence as falling under two general categories: first, evidence relating to the Defendant's "pending litigation," and second, evidence relating to drugs and abuse. Specifically, the Government seeks to introduce the following evidence:

A) Evidence falling within the "pending litigation" category:

1. Mr. Horner has a prior criminal conviction for which he was imprisoned in Maryland;[2]
2. Mr. Horner was released from prison in Maryland and paroled on July 8, 2010;
3. As a condition of Mr. Horner's parole, Mr. Horner was not allowed to leave Maryland;
4. Mr. Horner met Brittany after he had been released from prison in Maryland in November 2010;
5. Mr. Horner left Maryland and moved to Pennsylvania with Brittany Horner and his half-brother;
6. Mr. Horner and Brittany stayed with Brittany's parents until January 2011 when

---

[2] In its filing, the Government stated its intention to introduce evidence of the Defendant's 2000 conviction for robbery with a deadly weapon. (See Doc. No. 101 at 4.) Subsequently at oral argument, the Government conceded that introducing evidence of an armed robbery conviction is prejudicial and agreed to sanitize this evidence. It therefore announced its intention to refer to the Defendant's armed robbery conviction as simply a "criminal conviction" and to introduce evidence that the Defendant had a criminal conviction for which he served time in prison in Maryland. Because the Government no longer seeks to introduce evidence of the Defendant's 2000 conviction for robbery with a deadly weapon, the Court will not address it, and will instead only address the Government's intention to introduce evidence that the Defendant has a prior criminal conviction for which he served time in prison in Maryland.

he was arrested for a parole violation and returned to Maryland;

7. Mr. Horner missed a court date in Maryland;
8. An arrest warrant was issued for Mr. Horner in November 2010;
9. Mr. Horner was arrested by officers from the Paint Township police department on February 7, 2011 and reincarcerated in Maryland;
10. While Mr. Horner was incarcerated in Maryland, he and Brittany married;
11. Brittany Horner and her stepfather posted bond for Mr. Horner and Mr. Horner was again released from prison in Maryland;
12. As a condition of Mr. Horner's second release, Mr. Horner was required to reside with Brittany and her stepfather in Pennsylvania;
13. Mr. Horner had a scheduled court appearance in Maryland for July 7, 2011;
14. Mr. Horner absconded and missed a court date in Maryland;
15. Mr. Horner and Brittany absconded because he did not want to return to prison in Maryland;
16. Mr. Horner stated he wanted to leave Pennsylvania and return to Maryland where he had contacts and a source of supply for heroin;
17. Prior to the instant offense, Mr. Horner proposed he and Brittany steal a car to leave Pennsylvania; and
18. Mr. Horner was arrested in July 2011 at the BWI Airport; after being approached by police officers, Mr. Horner provided the officers with a false name; when the officers discovered his true name and that there was an active arrest warrant for him, they placed him in custody.

B) Evidence falling within the "drugs and abuse" category:

1. Mr. Horner brought heroin with him from Maryland and began injecting Brittany Horner with heroin shortly after they met;
2. Upon Mr. Horner's release from prison, he again brought heroin with him from Maryland;
3. During the course of their relationship, Mr. Horner physically and verbally abused Brittany Horner and displayed violent tendencies;
4. Mr. Horner tattooed Brittany Horner without her consent after she passed out from use of drugs and/or alcohol; and
5. Testimony from Brittany Horner recounting the times she and Mr. Horner used heroin.

The Government argues that this evidence is "intrinsic" to the charged offense and therefore is admissible without resorting to Rule 404(b). (See Doc. No. 65 at 2; Doc. No. 101 at 1-3.) Alternatively, however, the Government argues that this evidence is admissible under the provisions of Rule 404(b). The Defendant asserts that the evidence is "extrinsic" to the charged

8

offense and therefore is not admissible without conducting a Rule 404(b) analysis. (See Doc. No. 105 at 1-2.) The Defendant also asserts that the evidence is not admissible under Rule 404(b). (See Doc. No. 105 at 2-8.) The Court will first address the admissibility of the proffered evidence as "intrinsic" evidence and second as extrinsic evidence pursuant to Rule 404(b).

## A.    Admission as Intrinsic Evidence

The Government argues that the proffered evidence constitutes acts performed contemporaneously with the charged offense that facilitated the offense. (See Doc. No. 101 at 2.) The Defendant argues that the evidence the Government is seeking to introduce does not "directly prove" the charged offense of kidnapping, does not consist of acts performed "contemporaneously" with the crime of kidnapping, and does not consist of acts that facilitated the commission of the charged offense. (See Doc. No. 105 at 2.) Despite the Government's assertion to the contrary, the Court finds that with the exception of the fact that the Defendant was on the run for violating the conditions of his release, the acts comprising the proffered evidence did not occur contemporaneously with the charged crime; rather, they occurred prior to or after the charged crime. Therefore, whether these acts facilitated the commission of the charged crime is irrelevant for purposes of the instant analysis. With respect to the sole crime, wrong, or other act that was performed contemporaneously with the charged crime—the Defendant's continuing act of absconding—the Court concludes that although the Defendant's act of absconding may have facilitated the kidnapping in a colloquial sense, in that it provided a reason for the Defendant to commit the alleged crime, it was not a necessary precondition to the charged crime nor did it facilitate the charged crime in a manner analogous to the possession-sale example. Therefore, the Government's request to introduce this piece of evidence, as well as the other proffered evidence,

9

as evidence that is intrinsic to the crime charged is **DENIED**. The Court will conduct a Rule 404(b) analysis to determine whether the above listed evidence may nevertheless be admitted at trial as extrinsic evidence.

## B.     Admission Pursuant to Rule 404(b)

### 1.     Evidence Falling Within the "Pending Litigation" Category

At oral argument, the Government argued that evidence falling within the "pending litigation" category is admissible pursuant to Rule 404(b) for the proper purposes of proving the Defendant's motive, intent, plan, and preparation and providing background information to the finder of fact that completes the story of the crime. In general, the Government argued that the Defendant missed a court date in Maryland, desired to avoid being incarcerated again, and anticipated that police would know to look for him in the Pennsylvania area because he was found and arrested here after missing a previous court date and violating his parole in 2010/early 2011, which led to a period of reincarceration. The Government argued that these experiences, desires, and beliefs provided the motive for Defendant to abscond and to commit the alleged offense—kidnapping L.N., which allegedly involved forcing L.N. to drive from Pennsylvania to Maryland. The Government further argued that prior to the offense, Mr. Horner proposed that he and Brittany steal a car to leave Pennsylvania and when she refused, he instead proposed that they encourage L.N. to meet them with her vehicle and use L.N. and her vehicle as a means of leaving Pennsylvania, a plan which was ultimately carried out and allegedly resulted in the commission of the charged offense of kidnapping.

The Defendant argues that aside from the allegation that this incident allegedly occurred because the Defendant had a parole violation, missed a hearing, and was "going on the run," the

10

evidence the Government seeks to introduce is being introduced only to prejudice the Defendant, make the Defendant appear to be a person of bad character, and bolster the questionable credibility of the Government's witness. The Defendant further challenges the relevancy of the proffered evidence and argues that its prejudicial effect far outweighs any probative value the evidence may have.

The Court finds that with one exception, discussed below, the evidence proffered by the Government falling within the "pending litigation" category is offered for the proper purposes of proving the Defendant's motive, intent, plan, and preparation in committing the alleged offense, and for the purpose of providing background information to the finder of fact that completes the story of the crime. More specifically, the Court finds that evidence of the Defendant's prior conviction and incarceration is probative of and offered for the proper purpose of establishing Defendant's motive and intent for the alleged offense. Evidence of Defendant's first release, the events surrounding Defendant's first release, the conditions of that release, Defendant's previous parole violation, and Defendant's period of reincarceration for this parole violation, as well as evidence of the Defendant's later failure to appear at a scheduled court date in Maryland, is probative of and offered for the proper purpose of demonstrating Defendant's intent to avoid returning to prison, Defendant's motive in committing the alleged offense, Defendant's overall plan. Such evidence is also probative of and offered for the proper purpose of establishing Defendant's knowledge that he would likely be incarcerated if he was located after violating the conditions of his release, which in turn, is probative of and offered for the proper purpose of establishing Defendant's motive.

Evidence of the Defendant's relationship with Brittany Horner and her stepfather,

11

specifically evidence of Brittany and the Defendant's marriage, evidence of Brittany Horner and her stepfather posting bail for the Defendant, and evidence of the conditions of Defendant's second release as they relate to Defendant residing with Brittany and her stepfather in Pennsylvania is offered for the proper purpose of providing background information that completes the story of the crime by explaining how the Defendant came to spend time in Pennsylvania and is probative of and offered for the proper purpose of establishing the Defendant's motive in leaving Pennsylvania and allegedly committing the charged crime. Evidence of the Defendant's marriage to and relationship with Brittany Horner is also probative of and offered for the proper purpose of establishing Brittany's motives and explaining the relationships between the participants in the alleged crime. See *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (citing *United States v. Simmons*, 679 F.2d 1042, 1050 (3d Cir. 1982) as "identifying the need 'to provide necessary background information' about the relationships among the players as a proper purpose"). Evidence that the Defendant proposed he and Brittany steal a car to leave Pennsylvania prior to the instant offense and evidence that the Defendant stated he wanted to leave Pennsylvania and return to Maryland where he had contacts and a source of supply for heroin is probative of and offered for the proper purpose of establishing the Defendant's plan, preparation, motive, and intent. Finally, evidence that the Defendant provided a false name to officers upon being arrested in July 2011 at BWI Airport is probative of and offered for the proper purpose of establishing Mr. Horner's intent, plan, and motive to avoid returning to prison, which in turn, is probative of and offered for the proper purpose of establishing Defendant's motive in committing the alleged crime.

Additionally, with one exception noted below, the Court finds that the evidence proffered by the Government falling within the "pending litigation" category, all of which relates at least to

12

the Defendant and/or Brittany's motives as well as, in some instances, to other purposes, is relevant because it has a tendency to make facts of consequence in determining the action more or less probable than they would be without the evidence. See *United States v. Sriyuth*, 98 F.3d 739, 747 n.12 (3d Cir. 1996) ("motive is always relevant in a criminal case, even if it is not an element of the crime").

The one exception noted above is evidence that the Defendant and Brittany married while the Defendant was incarcerated in Maryland. While the Court finds, for the reasons stated above, that evidence of the Defendant and Brittany Horner's marriage is relevant and offered for a proper purpose, and while the jury may infer that this marriage took place during or around the time the Defendant was incarcerated in Maryland from information given regarding when the marriage took place and when Defendant was incarcerated, the Court finds that whether the Defendant and Brittany's marriage took place in prison or elsewhere has little relevance to the charged offense and is not offered for a proper purpose pursuant to Rule 404(b). Consequently, the Government will not be permitted to introduce evidence that the marriage between Brittany and the Defendant took place in prison. The Government may introduce, however, for the proper purposes identified above, evidence that the Defendant and Brittany were married, evidence regarding when this marriage took place, as well as evidence regarding when the Defendant was incarcerated, which may or may not lead the jury to infer that the marriage took place during or around the time the Defendant was incarcerated in Maryland.

Relevant evidence that is offered for a proper purpose under 404(b) may still be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

13

cumulative evidence. See Fed. R. Evid. 403; *Sriyuth*, 98 F.3d at 746. "In making this determination, the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds." *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988). As discussed above, with one exception the "pending litigation" evidence is probative of Defendant and/or Brittany's motive(s), establishing the Defendant's intent, plan, and preparation, providing necessary background information, and explaining the relationships between the participants in the alleged crime. The Government has shown a need for this evidence. To prove its case, the Government must convince a jury beyond a reasonable doubt that the Defendant seized, confined, kidnapped, abducted or carried away and held the victim for the purpose of a reward or ransom or for any other reason. The Government seeks to offer the above described evidence to establish *why* the Defendant allegedly committed the crime charged.

The Defendant argues that the prejudicial effect of this evidence far outweighs any probative value it may have. (See Doc. No. 105 at 3.) The Court finds, however, that once Defendant's prior criminal conviction is sanitized to "a former criminal conviction" and details respecting the nature and circumstances of this conviction are omitted, as the Government agreed to do at oral argument, the nature of the proffered "pending litigation" evidence, which relates primarily to drug use, violations of conditions of release, and an unspecified former criminal conviction, and which does not involve violent conduct or conduct that would otherwise likely elicit a strong emotional reaction by jurors, is not such that there is a danger that the jury will be "inflamed" to decide the case on an improper basis. Further, any inflammatory impact or prejudice can be kept to a minimum by limiting instructions by the Court to the jury regarding the purpose

14

for which the jury may consider the evidence. The Court therefore concludes that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Consequently, subject to the one exception noted above, the Government's request to introduce at trial the evidence categorized above as "pending litigation evidence" will be granted. The Court will provide a cautionary limiting instruction with respect to the purposes for which this evidence may be considered in a form and at a time to be determined after consulting with Counsel.

## 2. Evidence Falling Within the "Drugs and Abuse" Category

The Government also argued that evidence falling within the "drugs and abuse" category is admissible pursuant to Rule 404(b) for the proper purposes of showing why Brittany Horner would go along with the alleged kidnapping plan, establishing Brittany Horner's motivation, and providing background information necessary to complete the story. The Defendant argues that this evidence, like the "pending litigation" evidence discussed above, is being introduced to prejudice the Defendant, make the Defendant appear to be a person of bad character, and bolster the questionable credibility of the Government's witness, as well as for the additional improper purposes of showing that the Defendant has a history of drug use and/or dealing[3] and invoking sympathy for the Government's witness. The Defendant further argues that Brittany Horner's drug addiction and the alleged physical and verbal abuse of Brittany Horner are not relevant to the instant case. The Defendant asserts that this does not prove any element of the alleged offense of kidnapping and that the Government presented no evidence that the Defendant tattooed Brittany Horner against her will. Finally, the Defendant argues that the prejudicial effect of the Government's proffered "drugs and abuse" evidence is far greater than any probative value this evidence may have.

_____

[3] The record is not entirely clear.

15

The Court finds that the evidence proffered by the Government falling within the "drugs and abuse" category is probative of and offered for the proper purposes of establishing Brittany Horner's motivation and providing necessary background information about the relationships among the participants involved in the alleged crime. The Court adopts the Government's argument that this evidence is offered to show Brittany's fear of the Defendant and the Defendant's control over Brittany, and to explain Brittany's motivation in allegedly committing the charged offense with the Defendant, see *Green*, 617 F.3d at 250 (recognizing that "in the ordinary case, the requisite 'proper purpose' explains something about the *defendant's* motive, pan, or knowledge[,]" but that, while uncommon, it is appropriate that the proper purpose identified relates to a witness's motive rather than the defendant's; noting that Rule 404(b) "does not specify that evidence is only admissible to prove *the defendant's* motive, opportunity, or intent"), and concludes that this evidence is not being offered merely to prove the Defendant's character and show action in conformity therewith. Although introduction of this evidence may have some of the additional effects identified by the Defendant, such as invoking sympathy for the Government's witness, this does not mean that the proffered evidence is not being offered for a proper purpose pursuant to Rule 404(b).

The Court also finds that, subject to one caveat, the "drugs and abuse" evidence is relevant because it relates to Brittany Horner's motive, see *Sriyuth*, 98 F.3d at 747 n.12, and has a tendency to make facts relating to the conduct of and statements made by Brittany Horner during the commission of the alleged offense more or less probable than they would be without the evidence and that these facts are of consequence in determining whether a kidnapping actually occurred or whether L.N. willingly and voluntarily accompanied Lawrence and Brittany Horner from

16

Pennsylvania to Maryland. In arguing that this evidence is not relevant, the Defendant contends that this evidence does not prove any element of the alleged offense of kidnapping. However, evidence need not prove an element of the alleged offense to be relevant. Evidence is relevant if it has any tendency to make *a fact* more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401.

The one caveat identified above relates to Defendant's argument that the Government did not present any evidence that the Defendant tattooed Brittany Horner against her will. The Defendant's act of tattooing Brittany Horner is only relevant to Defendant's commission of the crime in question if the Government can establish that such tattooing was done without Brittany Horner's consent and therefore contributed to her fear of the Defendant and her motivation. Rule 104(b) provides that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). "The court may admit the proposed evidence on the condition that the proof be introduced later." *Id.* Because, as explained in this above, the Court finds this evidence is otherwise admissible for the proper purpose of establishing Brittany's motivation and, as explained below, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, the Court will admit this evidence subject the Government's introduction of evidence from which it can conclude that the jury could reasonably find the conditional fact—here that the Defendant's tattooing of Brittany was against Brittany's will and caused her to fear the Defendant—by a preponderance of the evidence. See *Huddleston v. United States*, 485 U.S. 681, 690 (1988).

With respect to the third *Huddleston* factor—the satisfaction of Rule 403—the Court concludes that the probative value of this evidence is not substantially outweighed by the danger of

17

unfair prejudice. The "drugs and abuse" evidence is probative of Brittany Horner's motive, why Brittany Horner would have "went along with" the alleged kidnapping plan, and whether the events on the date of the alleged commission of the charged offense unfolded in the way alleged by the Government or in an alternate fashion, as will be alleged by the Defendant. Although the proffered "drugs and abuse" evidence involves some violent conduct and conduct that is more socially repugnant than the "pending litigation" evidence, any inflammatory impact or prejudice can be minimized with a cautionary limiting instruction. Considering the details of the alleged abuse offered by the Government at oral argument, the Court notes that the Third Circuit has rejected Rule 403 challenges to the admission of evidence that was just as or more prejudicial than the evidence at issue here. See *Green*, 617 F.3d at 252 (evidence of threat to kill); *Sriyuth*, 98 F.3d at 748 (evidence of uncharged rape); *Scarfo*, 850 F.2d at 1020 (evidence of uncharged murders). In sum, the Court concludes that prejudice which may result from the introduction of this evidence is not so great that, on the balance, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. The Court will provide a cautionary limiting instruction with respect to the purposes for which this evidence may be considered in a form and at a time to be determined after consulting with Counsel.

## V. CONCLUSION

For the foregoing reasons, the Government's request to introduce the evidence specified above as intrinsic evidence is **DENIED**. The Government's request to introduce the evidence specified above as extrinsic evidence pursuant to Rule 404(b) is **GRANTED in part**. The Government's request to introduce evidence that the Defendant and Brittany Horner married while the Defendant was incarcerated in Maryland is **DENIED**, as more fully stated above. The

18

Government's request to introduce evidence respecting the Defendant's act of tattooing Brittany Horner without her consent after she passed out from use of drugs and/or alcohol is **GRANTED**, subject to the Government's introduction of evidence from which it can conclude that the jury could reasonably find the conditional fact by a preponderance of the evidence. The Government's request is **GRANTED in all other respects**.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11-cr-31 |
| | ) | JUDGE KIM R. GIBSON |
| LAWRENCE R. HORNER, III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 16th day of May, 2013, upon consideration of the Government's request

to introduce evidence, as contained in Document Numbers 65 and 101, and as presented at oral

argument on May 10, 2013, and Defendant's opposition thereto, and in accordance with the

foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that the Government's request to

introduce evidence is **GRANTED in part** and **DENIED in part**.

Specifically, the Government's request to introduce the evidence specified above as

intrinsic evidence is **DENIED**. The Government's request to introduce the evidence specified

above as extrinsic evidence pursuant to Rule 404(b) is **GRANTED in part**. The Government's

request to introduce evidence that the Defendant and Brittany Horner married while the Defendant

was incarcerated in Maryland as extrinsic evidence pursuant to Rule 404(b) is **DENIED**, as more

fully stated above. The Government's request to introduce evidence respecting the Defendant's

act of tattooing Brittany Horner without her consent after she passed out from use of drugs and/or

alcohol as extrinsic evidence pursuant to Rule 404(b) is **GRANTED**, subject to the Government's

introduction of evidence from which it can conclude that the jury could reasonably find the

conditional fact by a preponderance of the evidence. The Government's request to introduce the

evidence specified above as extrinsic evidence pursuant to Rule 404(b) is **GRANTED in all other**

**respects**.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**